# Exhibit 1



U.S. Department of Justice

Civil Rights Division

DLP:JKT:DHH:svw
DJ 166-1-0

*Voting Section*
*P.O. Box 66128*
*Washington, D.C. 20035-6128*

November 2, 1994

Edward S. Allen, Esq.
Balch & Bingham
P.O. Box 308
Birmingham, Alabama 35201

BY TELEFACSIMILE

Dear Mr. Allen:

This is in response to your October 21, 1994, letter concerning the role of poll watchers in elections in the State of Alabama. You sent the letter following a telephone conversation with Voting Section Attorney David H. Hunter in which you indicated that the Alabama Republican Party, on its own, may employ "ballot security" procedures during the November 8, 1994, general election, and that such measures would involve filming at polling places on election day.

We have found that no useful information is obtained, and federal law is likely to be violated, when private citizens form "ballot security" forces and attempt to take over the role of policing polling places. While this type of action often is proffered in the guise of helping law enforcement officials, the filming at and near the polls achieves nothing of the kind. Instead, we have found that such action intimidates lawful voters and interjects an element of fear into the process by which our republican form of government is guaranteed to our citizens.

More specifically, such an attempt to videotape areas where black voters are present at their polling places could constitute a violation of Section 11(b) of the Voting Rights Act, 42 U.S.C. 1973i(b). We therefore would urge that you and all other parties and organizations avoid filming at polling places on election day, and take steps to avoid measures by poll watchers that would run any risk of intimidating or harassing voters. Any specific information that you or your poll watchers may have regarding violations of law should be provided to the appropriate law enforcement authorities.

- 2 -

For your information, please find enclosed our June 14, 1994, letter to Constance Slaughter-Harvey, Assistant Secretary of State for Elections and General Counsel, State of Mississippi, concerning this same topic.

Sincerely,

Deval L. Patrick
Assistant Attorney General
Civil Rights Division

By: *[signature]*
John K. Tanner
Acting Chief, Voting Section

Enclosure

cc: Hon. Jim Bennett
    Secretary of State, State of Alabama



U.S. Department of Justice

Civil Rights Division

---

*Office of the Assistant Attorney General*     *Washington, D.C. 20035*

June 14, 1994

The Honorable Constance Slaughter-Harvey
Assistant Secretary of State
  for Elections and General Counsel
P. O. Box 136
Jackson, Mississippi  39205-0138

Dear Ms. Slaughter-Harvey:

    This is in reference to your recent letter regarding the use of video cameras at the polls in Mississippi.

    Your letter describes this usage as occurring under circumstances that make black voters feel uncomfortable and apprehensive about voting, highlights the levels this sort of activity has reached, and states that it is not permitted by Mississippi law.  Your letter also notes that those who promote the videotaping of black voters claim that such activity is a useful tool in documenting or preventing voter fraud.

    Our Voting Section lawyers have spoken with you and with the Mississippi Attorney General's office about this matter during recent elections.  At those times we expressed our view that the actions of white people in videotaping black voters at or near the polls could constitute a violation of Section 11(b) of the Voting Rights Act, 42 U.S.C. 1973i(b), and, under the circumstances you described, would constitute a change subject to the preclearance requirement of Section 5 of the Voting Rights Act, 42 U.S.C. 1973c.

    Your letter asks whether we still maintain this view.  I can assure you that we do, and that we will not countenance any thinly veiled attempts to intimidate black voters at the polls.  In fact, such activity also could constitute violations of 42 U.S.C. 1971, and 18 U.S.C. 594.

    I am particularly aware that many black voters travel to the polls in cars that are made available for that purpose on election day, and that some of those voters who need assistance in casting their ballot are helped by the person who drove them to the polls.  This activity has its roots in blacks' long lack of access to the polls and to quality education in the south, and in no way bears an assumption of fraudulent activity.

- 2 -

Moreover, Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6, requires that, with narrow exceptions, voters who need assistance in casting their ballot be allowed to choose the person who will help them. Any attempt to prevent those voters from being helped by the person they choose would present a likely violation of federal law.

If you have any further questions regarding this matter you may contact Barry H. Weinberg, Deputy Chief of our Voting Section, (202) 307-3266.

Sincerely,

Deval L. Patrick
Assistant Attorney General
Civil Rights Division